**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**COX MCCARVER, LLC; HELPING HANDS**               **PLAINTIFFS**
**HOME IMPROVEMENT LLC, as assignee**

**V.**                          **CAUSE NO. 3:19-CV-862-CWR-LGI**

**SENTRY INSURANCE GROUP, INC.**                 **DEFENDANT**

## ORDER

Before the Court are Defendant's[1] Motion for Summary Judgment [Docket No. 17], Plaintiffs' Request for Hearing on Defendant's Motion for Summary Judgment [Docket No. 22], and Plaintiffs' Motion for Leave of Court to file Surreply [Docket No. 23].

**I.**    **Background**

At all times relevant to this action, Defendant Middlesex Insurance Company insured Plaintiff Cox McCarver, LLC ("Cox McCarver") through a commercial insurance policy ("the Policy"). Cox McCarver executed an assignment to Plaintiff Helping Hands Home Improvement, a general contractor.

On July 20, 2019, Cox McCarver completed a Property Loss Notice, claiming that "[a]pproximately between July 13-14, building has sustained wind/hail/wind driven debris that has caused water intrusion in the building." Docket No. 18 at 3.[2] On July 30, 2019, Middlesex wrote to Plaintiffs and requested copies of maintenance and repair records to the roof of the property, as

---

[1] Defendant identifies that it was improperly identified in the Complaint as Sentry Insurance Group, Inc. Defendant's correct name is Middlesex Insurance Company ("Middlesex").

[2] There is some debate between the parties about how the damage occurred. Plaintiffs in their Complaint assert that vandalism occurred to the insured property on July 4, 2019, and a severe weather event subsequently occurred. Defendant claims that Plaintiffs submitted competing causes of loss and its engineer who inspected the property determined there was no wind or hail damage and that there was damage from bullet holes.

well as a line-item estimate for repairing the damage. Middlesex had the property inspected. It disagreed that there was wind damage and again asked Plaintiffs for documents.

After some back and forth, on October 25, 2019, Middlesex requested that Cox McCarver and William Griffin, who the Plaintiffs identified as the primary contact on their submitted Property Loss Notice, submit to examinations under oath ("EUO"). Middlesex also requested that Plaintiffs produce certain documents by November 19, 2019. Plaintiffs assert that Middlesex never sent a letter to Helping Hands Home Improvement, Cox McCarver's assignee. On November 21, 2019, Plaintiffs requested that the EUOs be rescheduled. The next day, Plaintiffs filed this lawsuit claiming breach of contract and violation of Mississippi Code § 83-9-5(1)(h)(1).

Middlesex asserts that Plaintiffs have never submitted to the requested EUOs. Plaintiffs respond that they have never refused to submit to the EUOs. The Policy contains the following EUO provision:

> We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Docket No. 18-1 at 20.

## II.    Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a summary judgment motion is made and properly supported, the non-movant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

2

A genuine dispute is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if its resolution could affect the ultimate disposition of the case. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.,* 482 F.3d 408, 411 (5th Cir. 2007).

The Court views the evidence and draws reasonable inferences in the light most favorable to the non-movant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013). If after doing so, no evidence exists that allows reasonable inferences supporting the nonmoving party's position, then summary judgment must be granted. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

## III.    Analysis

The Court will first dispose of the Plaintiffs' claim under Mississippi Code § 83-9-5(1)(h)(1). That statute provides, in pertinent part, that:

> Benefits due under the policies and claims are overdue if not paid within twenty-five (25) days or thirty-five (35) days, whichever is applicable, after the insurer receives a clean claim. . . . A "clean claim" means a claim received by an insurer for adjudication and which requires no further information, adjustment or alteration by the provider of the services or the insured in order to be processed and paid by the insurer. A claim is clean if it has no defect or impropriety, including any lack of substantiating documentation, or particular circumstance requiring special treatment that prevents timely payment from being made on the claim under this provision.

Miss. Code Ann. § 83-9-5(1)(h)(1).

Defendants correctly assert that § 83-9-5(1)(h)(1) does not apply to the Policy presently in dispute. *See Gann v. J&B Servs., Inc.*, No. 1:18-CV-104-GHD-DAS, 2018 WL 4431297, at *6 (N.D. Miss. Sept. 17, 2018). According to Mississippi. Code § 83-9-5(1)(h), "[a]s used in this section, the term 'insurer' means a health maintenance organization, an insurance company or any other entity responsible for the payment of health benefits under a policy or contract of accident

and sickness insurance . . . ." *Id.* Mississippi Code § 83-9-1, in turn, defines "policy of accident and sickness insurance" as:

> any individual or group policy or contract of insurance against loss resulting from sickness or from bodily injury, including dental care expenses resulting from sickness or bodily injury, or death by accident, or accidental means, or both.

*Id.*

The Policy at issue today is a commercial insurance policy providing coverage to commercial property, as well as providing liability insurance. *See* Docket No. 18-1. Thus, § 83-9-5 does not apply to the Policy. Therefore, the Defendant's motion for summary judgment will be granted on this claim.

The Court next turns to the breach of contract claim. The Court agrees with Middlesex that the only material issue before it is the debate between the parties regarding the EUOs. Middlesex asserts that the Plaintiffs refused to submit to EUOs and thus the Policy is void under Mississippi law. *See Allison v. State Farm Fire & Cas. Co.*, 543 So. 2d 661, 663 (Miss. 1989) ("This Court also found that failure to submit to [an EUO], under circumstances such as those present in the case at bar, would preclude coverage under the policies as a matter of law.") Plaintiffs assert that they never refused to do the EUOs; instead, they asked for them to be rescheduled and are willing to submit to EUOs.

Under Mississippi law, "clauses in insurance policies which authorize insurers to conduct examinations under oath are reasonable and valid." *Monticello Ins. Co. v. Mooney*, 733 So. 2d 802, 806 (Miss. 1999). Insureds who have agreed to EUO clauses "are required to respond to all reasonable inquiries and give all reasonable assistance and that failure to do so may well deny them recovery." *Allison*, 542 So. 2d at 664. "Further, if an insured, for a valid reason, is unable to attend an examination under oath, it is incumbent upon the insured, as soon as possible to offer to

4

submit to an examination at a later date." *Home Ins. Co. v. Olmstead*, 355 So. 2d 310, 313 (Miss. 1978). The uncontroverted evidence suggests that the insured took to this step. *See* Docket No. 17-16 (in a letter to counsel for the insurer, counsel for Cox McCarver explained that he "would not be available . . . for the oral examination under oath. We will need to reschedule.").

The Court agrees that Middlesex has the right to conduct EUOs and that the Policy requires full compliance before legal action can be brought against them.[3] However, Middlesex has not pointed to any authority proving that Plaintiffs' actions constitute a refusal to submit to EUOs, such that they have failed to fully comply with the Policy, or any authority indicating summary judgment is warranted. Mississippi law requires that there must be willful failure to comply with the policy provisions before declaring a policy void. *See Haymore v. Shelter Gen. Ins. Co*., No. 3:19-CV-365-TSL-RHW, 2020 WL 1469459, at *2 (S.D. Miss. March 25, 2020), citing *Mullen v. Miss. Farm Bureau Cas. Ins. Co*., 98 So. 3d 1082, 1087 (Miss. Ct. App. 2012); *see also Glinsey v. Allstate Prop. & Cas. Ins. Co.*, No. 3:11-CV-218-DPJ-FKB, 2012 WL 1458226, at *5 (S.D. Miss. Apr. 27, 2012). Taking the facts in the light most favorable to the Plaintiffs, they were willing to submit to EUOs.

Thus, summary judgment will be denied with regards to the breach of contract claim. The Plaintiffs' motions for a hearing and for leave to file surreply are both denied.

**SO ORDERED**, this the 29th day of March, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] The Policy states:
No one may bring a legal action against us under this Coverage Part unless:
1. There has been full compliance with all of the terms of this Coverage Part.
Docket 18-1 at 35.