IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COX MCCARVER LLC; HELPING HANDS HOME IMPROVEMENT LLC,** as assignee            **PLAINTIFFS**

**V.**            **CAUSE NO. 3:19-CV-862-CWR-LGI**

**SENTRY INSURANCE GROUP, INC.**            **DEFENDANT**

## ORDER

Before the Court is a motion for reconsideration filed by Defendant Middlesex.[1] Docket No. 53. Having considered the motion, response, reply, and applicable law, the Court finds that the motion should be denied.

**I.    Factual and Procedural History**

The facts of this case are well known and need not be recited anew. For the purposes of this motion, it suffices to say that on March 29, 2021, this Court granted Middlesex's motion for summary judgment as to Plaintiffs' claims under Mississippi Code § 83-9-5(1)(h)(1) but denied it as to Plaintiffs' claim for breach of contract.[2] Middlesex now seeks reconsideration of this ruling.

**II.    Legal Standard**

Because Middlesex's motion for reconsideration concerns an interlocutory order, Fed. R. Civ. P. 54(b) supplies the legal standard.

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or

---

[1] Defendant submits that it was improperly identified in the Complaint as Sentry Insurance Group, Inc., and that its correct name is Middlesex Insurance Company ("Middlesex"). Consistent with this assertion and this Court's March 2021 Order, the Court refers to Defendant throughout this Order as Middlesex.

[2] Because Plaintiffs' breach of contract claim remained outstanding, the March 2021 Order did not constitute a final judgment.

clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citation omitted). But this discretion is not unlimited. Rather, it "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013).

### III. Discussion

Middlesex argues that this Court (1) erred in concluding that Cox McCarver did not willfully refuse to submit to examinations under oath ("EUO") as required under the insurance policy and, consequently, (2) misapplied Mississippi law on contract interpretation.

In support of these arguments, Middlesex relies heavily on a case from the United States District Court for the Northern District of Iowa. *See Mapleton Processing Inc. v. Society Ins. Co.*, No. C12-4083-LTS, 2013 WL 3467190 (N.D. Iowa July 10, 2013). Plaintiffs correctly note that *Mapleton* is an unreported decision "that expressly relies on that Court's interpretation of Iowa Case Law." Docket No. 55 at 3. But, as Middlesex submits, *Mapleton* "concerns similar facts" to our case, and as such, may constitute "persuasive authority." Docket No. 56 at 4.

*Mapleton* contains some language helpful to Middlesex. For example, the *Mapleton* court found that the insured's decision to initiate a lawsuit prior to sitting for the EUO constituted a "purely voluntary" act. 2013 WL 3467190 at *9. Further, in interpreting policy language identical to the one at issue in this case, *compare id.* at *3 *with* Docket No. 17-1 at 20, the *Mapleton* court determined that *when the insured refused to submit to an EUO and filed a lawsuit* against the insurer ten days later, the insured "effectively refused [the insurer's] request for a pre-action EUO."

2

*Mapleton*, 2013 WL 3467190 at *10 (emphasis added).[3] Further, the *Mapleton* court found that under Iowa law, the requirement to submit to an EUO constituted a condition precedent of the policy, and that the insured's willingness to submit to an EUO after filing suit did not amount to substantial compliance with the condition. *Id.* at *9-11.[4]

*Mapleton*, however, still fails to support Middlesex's motion for reconsideration.

Ultimately, the *Mapleton* court found that the insured's failure to submit to an EUO before filing suit, while a violation of a condition precedent of the policy, did not terminate the insured's right to coverage, as it did not result in "prejudice to the insurer." *Id.* at *14. The insurer gave no indication that "time was of the essence" with respect to the EUO, and failed to demonstrate "that proceeding with an EUO became legally, or even practically, impossible once the lawsuit was filed." *Id.* Rather, the insurer "elected to seize on Mapleton's mistake, forego its right to an EUO, and seek dismissal of this case based on Mapleton's failure to comply with the Policy's condition precedent." *Id.* Finding the insurer's motion to dismiss the breach of contract claim unpersuasive, the *Mapleton* Court appropriately denied it.

Middlesex's motion to reconsider is similarly unavailing. Even assuming for present purposes the *Mapleton* court's interpretation of the EUO requirement as a condition precedent to the insurance, dismissal of Plaintiffs' breach of contract claim in the present case is inappropriate. In cases involving conditions precedent analogous to the EUO requirement at issue here, Mississippi courts apply a prejudice inquiry. Specifically:

---

[3] If the insurer wants to qualify the EUO requirement as an express condition precedent to insurance policy, it can do so through the use of clear language to that effect. Such language does not appear in this policy. *See* Docket No. 17-1 at 20.
[4] In reaching this conclusion, *Mapleton* relied on an Iowa Supreme Court case, *Watson v. Nat'l Surety Corp.*, 468 N.W. 2d 448 (Iowa 1991), which in turn cited to a Mississippi Supreme Court case, *Allison v. State Farm*, 543 So. 2d 661 (Miss. 1989), for the proposition that "failure to submit to questions under oath is a material breach of the policy terms and a condition precedent to an insured's recovery under the policy." *Watson*, 468 N.W. 2d at 451.

3

> The [Mississippi] Supreme Court has held that where an insurance policy requires notice as a condition precedent to coverage, coverage may still be allowed unless the insurer suffered prejudice due to delay; that prejudice is a question of fact.

*Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So. 2d 336, 341 (Miss. 2004) (citing *Harris v. American Motorist Ins. Co.*, 126 So. 2d 870, 8873 (Miss. 1961)). Middlesex fails to offer any reason why conducting an EUO after Plaintiffs filed suit prejudices its investigation. Nothing in the filings before this Court indicates that Middlesex has ever attempted to reschedule the November 2019 EUO. Finally, a fresh review of the record supports this Court's earlier ruling that "[t]aking the facts in the light most favorable to the Plaintiffs, *they were willing to submit to EUOs*." Docket No. 50 at 5 (emphasis added). Under such circumstances, reconsidering the judgment under Rule 54(b) is inappropriate.

Middlesex then contends that this Court's March 2021 Order "effectively renders both the examination under oath provision and the Legal Action Against Us provision meaningless." Docket No. 54 at 14. This interpretation, Middlesex submits, "is contrary to Mississippi law on contract interpretation." *Id.* at 6. Not so. As discussed above, Plaintiffs' failure to submit to a pre-suit EUO is not meaningless. Middlesex has simply not shown that Plaintiffs' failure to sit for a pre-suit EUO resulted in prejudice. Thus, this Court will deny Middlesex's motion.

**IV.     Conclusion**

Middlesex's motion is denied.

**SO ORDERED**, this the 25th day of August, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

4